UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT )<br>1309 Coffeen Avenue )<br>Suite 3556 )<br>Sheridan, WY 82801 )<br> )<br>          Plaintiff, )<br>     v. )<br> )<br>U.S. ENVIRONMENTAL PROTECTION AGENCY )<br>1200 Pennsylvania Avenue NW )<br>Mail Code 2310A )<br>Washington, DC 20460 )<br> )<br>          Defendant. ) | Case No. 23-cv-2656 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request.

2. This action is filed following the USEPA's failure to comply with the express terms of FOIA, by failing to provide an initial determination, produce responsive records or otherwise perform in accordance with their obligations under FOIA, as applied by this Court in *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. USEPA has failed to provide the Plaintiff with the records it seeks.

4. USEPA has therefore failed to lawfully respond to plaintiff's request.

5. Accordingly, plaintiff files this lawsuit to compel USEPA to comply with the law and produce the properly described public records in this FOIA request.

## PARTIES

6. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

7. Defendant U.S. Environmental Protection Agency is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendants neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## PLAINTIFF'S FOIA REQUEST

11. On August 7, 2023, Plaintiff submitted by internet portal a request to Defendant seeking copies of certain described email correspondence of four named USEPA headquarters political appointees, over the course of six months, using one or more of two short phrases.

12. USEPA acknowledged the Plaintiff's request on August 8, 2023, and assigned it tracking number EPA-2023-5881.

13. On that same date, Defendant denied Plaintiff's request for fee waiver on the basis of public interest, and was silent on the request in the alternative on the basis of requester's status as a media requester. Plaintiff administratively appealed this on August 24, 2023.

14. On September 6, 2023, Defendant dismissed requester's administrative appeal as moot, not addressing the merits but claiming the request would generate no fees.

15. The records responsive to this request, if any exist, are of particular and immense public interest, in that they inherently would reflect further on an internal campaign, revealed by other public records and information in the public domain, to pretextually use a "suite of rules" designed to address various non-climate matters, such as a program designed to improve visibility in and around national parks, called "regional haze," water effluent, mercury and coal ash regulations, collectively as a backdoor means of regulating greenhouse gases by reducing activity in or closing targeted regulated facilities.

16. At no time has USEPA provided the required determination of how many documents were being processed, or what exemptions USEPA expected to claim to withhold any records.

17. USEPA has a pattern and practice of failing to provide a proper "determination" with respect to the FOIA requests it receives, as is evidenced by the numerous suits on the docket in which various plaintiffs have sued on the basis of the failure to provide a timely or lawful

determination. See, e.g., *Power The Future v. U.S. Environmental Protection Agency* (23- cv -02380-TSC), *Power The Future v. Environmental Protection Agency* (23-cv-02178-TNM), *Power The Future v. U.S. Environmental Protection Agency* (23-cv-01381-JMC), *Power The Future v. Environmental Protection Agency* (23-cv-01394-RCL), *Power The Future v. U.S. Environmental Protection Agency* (23-cv-01411-DLF), *Power The Future v. U.S. Environmental Protection Agency* (23-cv-01412-BAH), *Energy Policy Advocates v. Environmental Protection Agency* (23-cv-01123-TJK), *Energy Policy Advocates v. Environmental Protection Agency* (23-cv -01112-RC).

18. As the D.C. Circuit held in *Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 437 U.S. App. D.C. 128, 151, 895 F.3d 770, 793 (2018), a party is entitled to relief if that party can show that the "'agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA,' and… that the agency's policy or practice will continue to injure the requester in the future." (internal citations and quotations omitted).

19. Here, Plaintiff affirmatively alleges that USEPA has a policy and practice of failing to provide a timely and proper "determination" within the meaning of *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013). That failure on the part of USEPA to abide by FOIA and the precedents of this Court and of the D.C. Circuit will demonstrably impact Government Accountability & Oversight in the future, as it is a frequent FOIA requester and anticipates filing requests against USEPA related to various topics in the coming months and years.

20. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine

and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

21. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

22. Neither of those scenarios are applicable to USEPA's actions in the instant matter.

23. The aforementioned "determination" and the information required to be a part of that determination is required under the FOIA within 20 working days. In this case, the deadline for issuance of a "determination" would have been September 5, 2023.

24. As of this filing, USEPA has provided no substantive response or "determination" with respect to the request as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW v. Federal Election Commission*, 711 F.3d 180, 188, nor has it provided any records responsive to the FOIA request described herein.

25. As such Defendant is now past its statutory period for issuing such a determination on the above-described request, and thereby continues to improperly deny Plaintiff access to agency records.

## FIRST CLAIM FOR RELIEF

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff has sought and been denied production of responsive information reflecting the conduct of official business.

28. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

29. Plaintiff is not required to further pursue administrative remedies.

30. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to the information responsive to its FOIA request described above, but Defendant has failed to provide the information;

    b. USEPA's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA;

    c. USEPA must now produce information responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF

31. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. Plaintiff is entitled to injunctive relief compelling Defendant to produce the information responsive to the FOIA request described herein.

33. Plaintiff asks the Court to enter an injunction or other appropriate order requiring Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested information sought in Plaintiff's FOIA request described above, at no cost to the Plaintiff.

34. Plaintiff asks the Court to order the Parties to consult regarding withheld information and to file a status report to the Court within 30 days of Defendant's filing of an Answer in this case, which shall address Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to USEPA's withholdings, and any other remaining issues.

### THIRD CLAIM FOR RELIEF

35. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

36. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

37. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested information;

7

3. Declare that the information sought by the request, as described in the foregoing paragraphs, is public information under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested information to Plaintiff within 10 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 11th day of September 2023,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

/s/Christopher Horner
Christopher Horner, D.C. Bar No. 440107
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: Chris@CHornerLaw.com

*Counsel for Plaintiff*